UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0907-DOC (KESX)                Date: June 26, 2017

Title: ROBERT K. RUEGSEGGER, ET AL. V. CALIBER HOME LOANS, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS FOR LACK OF JURISDICTION**

Before the Court is an action brought by Plaintiffs Robert K. Ruegsegger, Jr. ("Robert") and Gigi E. Ruegsegger ("Gigi") (collectively, "Plaintiffs") against Defendants Caliber Home Loans, Inc. ("Caliber"); U.S. Bank Trust, N.A. ("U.S. Bank"); LSF9 Master Participation Trust ("LSF9"); Ocwen Loan Servicing, LLC ("Ocwen"); Wilmington Trust, N.A. ("Wilmington"); Law Offices of Les Zieve ("Zieve"); ARLP Securitization Trust, Series 2014-2 ("ARLP"); Resi Whole Loan IV, LLC ("Resi"); and Altisource Residential Corporation ("Altisource") (collectively, "Defendants").

## I.    Background

The Court draws the following facts from Plaintiff's Complaint ("Compl.") (Dkt. 1).

Defendants filed and recorded a Notice of Default and Notice of Trustee's Sale against Plaintiffs' home. Compl. ¶ 123. Consequently, a non-judicial foreclosure was initiated against Plaintiffs' property. *Id.* ¶ 73. Plaintiffs requested specific documentation

to substantiate Defendants' standing to initiate the foreclosure, but Defendants failed to do so. *Id*. ¶ 94. As a result, the nature, extent or amount of debt could not be validated. *Id*.

Moreover, Defendants fabricated and forged documents to assert invalid ownership interest in Plaintiffs' clear title. *See id*. ¶ 114. This was an attempt to collect monies on a mortgage debt that Defendants did not own. *Id*. ¶ 119. Therefore, Defendants lacked standing to file and record a Notice of Default and a Notice of Trustee's Sale against Plaintiffs. *Id*. ¶ 128.

Plaintiffs bring claims against Defendants for violations of both the California Homeowners Bill of Rights, Cal. Civ. Code § 2920, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.2. *Id*. ¶¶ 133, 148. Additionally, Plaintiffs bring claims against Defendants for negligence, fraudulent concealment, declaratory relief, and to set aside and rescind the Notice of Default and Notice of Trustee's Sale. *Id*. ¶¶ 188, 215, 227, 241. Gigi also brings both a quiet title action and a slander of title action against Defendants. *Id*. ¶¶ 178–84, 210.

Plaintiffs seek an order from the Court quieting title in favor of Gigi, setting aside and canceling the Notice of Default and Notice of Trustee's Sale. *Id*. at 74. Additionally, Plaintiffs seek compensatory damages, exemplary damages, statutory damages, declaratory relief, injunctive relief, and attorney's fees and costs. *Id*. at 73–74.

## II. Legal Standard

### A. Jurisdiction

In the United States, state courts can hear almost any claim. However, federal courts can only hear cases over which they have subject matter jurisdiction. Plaintiffs here allege diversity jurisdiction. A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States;" and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

### B. Pleading Standard

Each action filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8. This Court's Local Rules also state that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction. L.R. 8-1.

## III.  Discussion

Plaintiffs allege that this Court has diversity jurisdiction. Compl. ¶ 14. In their Complaint, Plaintiffs fail to allege complete diversity between the parties.

A corporation is a citizen of (1) the state in which it is incorporated, and (2) the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Ninth Circuit has held that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Like LLCs, trusts require complete diversity between a plaintiff and the trusts' individual members. *See, e.g.*, *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015–16 (2016). Therefore, for unincorporated entities, a plaintiff must allege the citizenship of all the entity's partners in order to properly allege diversity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–96, (1990). Failure to do so may result in dismissal. *See* Fed. R. Civ. P. 12(b)(1). However, if information regarding the citizenship of partners is not reasonably available, Plaintiffs may allege Defendants' diversity of citizenship on information and belief, as opposed to affirmatively and on knowledge. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).

Here, Plaintiffs fail to sufficiently allege diversity of citizenship in several ways. First, Plaintiffs do not allege Caliber and Altisource's principal places of business. *Id*. ¶¶ 3, 11. Second, Plaintiffs do not allege any facts about the citizenship of U.S. Bank, Wilmington and ARLP. *Id*. ¶¶ 4, 7, 9. Third, Plaintiffs fail to allege that each of LSF9's partners are citizens of states other than California. *Id*. ¶ 5. Finally, both Ocwen and Resi are limited liability companies, *id*. ¶¶ 6, 10, but Plaintiffs fail to allege the citizenship of Ocwen and Resi's partners such that the Court can determine whether diversity exists.

Accordingly, the Court ORDERS Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction, **on or before July 3, 2017**. Plaintiffs may discharge this order by alleging, that Plaintiffs and Defendants are citizens of different states for purposes of diversity jurisdiction. If Plaintiff does not sufficiently plead diversity jurisdiction on or before July 3, 2017, this case will be dismissed.

The Clerk shall serve this minute order on the parties.