**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                     Date:  January 8, 2019

Title: ROBERT K. RUEGSEGGER ET AL. V. CALIBER HOME LOANS, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|---|---|
| Deborah Lewman | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING DEFENDANT RESI'S MOTION TO DISMISS [98]; GRANTING IN PART AND DENYING IN PART DEFENDANTS CALIBER AND U.S. BANK'S MOTION TO DISMISS [99]; GRANTING DEFENDANTS CALIBER AND U.S. BANK'S MOTION TO STRIKE CLASS ALLEGATIONS [100]; GRANTING IN PART AND DENYING IN PART DEFENDANTS OCWEN AND WILMINGTON TRUST'S MOTION TO DIMISS [103] ; AND GRANTING DEFENDANT ZIEVE'S MOTION TO DISMISS [104]**

Before the Court are Defendants Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. ("U.S. Bank"), Wilmington Trust, N.A. ("Wilmington Trust"), Resi Whole Loan IV, LLC ("Resi"), Ocwen Loan Servicing, LLC ("Ocwen"), and Law Offices of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                              Date: January 8, 2019
                                                             Page 2

Les Zieve's ("Zieve") (collectively, "Defendants") motions to dismiss, including: Resi's
Motion to Dismiss (Dkt. 98) ("Resi Mot."), Caliber and U.S. Bank's Motion to Dismiss
(Dkt. 99) ("Caliber and U.S. Bank Mot."), Ocwen and Wilmington Trust's Motion to
Dismiss (Dkt. 103) ("Ocwen and Wilmington Mot."), and Zieve's Motion to Dismiss
(Dkt. 104) ("Zieve Mot."). Also before the Court is Defendants Caliber and U.S. Bank's
Motion to Strike (Dkt. 101).

The Court finds these matters appropriate for resolution without oral argument.
Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the Parties'
arguments, the Court hereby GRANTS IN PART and DENIES IN PART Defendants
Caliber and U.S. Bank's Motion to Dismiss, GRANTS IN PART and DENIES IN PART
Defendants Ocwen and Wilmington Trust's Motion to dismiss, GRANTS Resi's Motion
to Dismiss, GRANTS Zieve's Motion to Dismiss, and DENIES Defendants Caliber and
U.S. Bank's Motion to Strike.

## I.      Background

### A.      The Parties

Unless otherwise noted, the following facts are taken from the operative
complaint, Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 88).

Plaintiffs Mr. Robert Ruegsegger and Ms. Gigi Ruegsegger (the "Plaintiffs") are
California citizens who reside in Orange County, California. *Id*. ¶¶ 13–14. Defendants
Caliber and Ocwen acquire and service mortgage loans, including the loan obtained by
Plaintiffs that is the subject of this lawsuit. *See id*. ¶¶ 15, 17. Defendant U.S. Bank acts as
trustee on behalf of a securitized trust LSF9, which purports to be the current legal owner
and beneficiary of the promissory note executed by Plaintiffs (the "Promissory Note").
*Id*. ¶ 8, 16. The Promissory Note is secured by a deed of trust, to which Defendant Zieve
is the current trustee (the "Deed of Trust"). *Id*. ¶ 19. Defendant Resi is a prior note holder
and assignee, while Defendant Wilmington Trust previously acted as trustee of the
ARLP-Securitized Trust. *Id*. ¶¶ 18, 20.

### B.      Facts

In October 1998, Plaintiffs took out a mortgage loan to purchase their home
located in Lake Forest, California (the "Property"). *Id*. ¶¶ 14, 26. In October 2006, Mr.
Ruegsegger "decided that he wanted to refinance the mortgage on the family home." *Id*.
¶ 27. A Promissory Note, in the amount of $630,000, was executed solely by Mr.
Ruegsegger on October 13, 2006, which was secured by a Deed of Trust executed on the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                Date: January 8, 2019
                                                                Page 3

same day by both Plaintiffs. *Id*. ¶¶ 28–29. The Deed of Trust identifies non-party MortgageIT, Inc. as the lender, non-party LandAmerica Southland Title as trustee, and non-party Mortgage Electronic Recording Systems, Inc. ("MERS") as nominee for the lender, thus functioning as the beneficiary under the Deed of Trust. *See id*. Ex. B.

By September 2008, Plaintiffs decided to divorce, and on September 14, 2008, Mr. Ruegsegger conveyed his interest in the Property to Ms. Ruegsegger by recording a quitclaim deed in her favor. *Id*. ¶ 31; *see also id*. Ex. C. That same month, Ms. Ruegsegger contacted non-party CitiMortgage, Inc., who was now allegedly servicing the loan, to request a loan modification due to hardship caused by the divorce. *Id*. ¶ 31. Ms. Ruegsegger continued reaching out to CitiMortgage, Inc. for loan modification assistance and it appears that the last payment on the loan was made by Ms. Ruegsegger in April 2010. *Id*. ¶¶ 33–34, 39–40 43.

Plaintiffs assert that a series of invalid assignments and transfers of the Promissory Note and Deed of Trust occurred after Mr. Ruegsegger conveyed his interest in the property. *See generally* SAC. First, on September 30, 2010, MERS allegedly executed an assignment of the Promissory Note and Deed of Trust, in favor of CitiMortgage, Inc. *Id*. ¶ 52. Then, on October 21, 2010, MERS executed another assignment of the Promissory Note and Deed of Trust, this time in favor of non-party MTGLQ Investors, L.P. ("MTGLQ"). *Id*. ¶ 58. Plaintiffs assert that this assignment was invalid because the Promissory Note and Deed of Trust had already been previously assigned. *Id*. Plaintiffs also allege that on November 12, 2010, MTGLQ recorded an assignment of the Deed of Trust, in favor of Defendant Resi. *Id*. ¶ 59. Again, Plaintiffs contend that this assignment was invalid because the Deed of Trust had already been assigned, and additionally because this assignment impermissibly bifurcated the Promissory Note and Deed of Trust. *Id*.

In October 2010, a notice of default and subsequent notice of trustee's sale was recorded in connection with the Property. *Id*. ¶ 57. "With a trustee's sale pending, [Ms. Ruegsegger] filed suit [in Orange County Superior Court] on January 20, 2011 to prevent the loss of her home at a foreclosure sale [("State Action")]." *Id*. ¶ 65. According to Plaintiffs, the State Action arose when CitiMortgage, Inc. "promis[ed] Ms. Ruegsegger a loan modification, induc[ed] her to become delinquent and in technical default on the loan . . . [and] set[] up the loan for foreclosure based on an alleged 'default' while she was in the middle of the agreed upon trial payment plan[.]" Dkt. 62 at 18–19. On June 22, 2015, the trial court entered judgment in favor of the State Action Defendants, and on February 16, 2017, the California Court of Appeal affirmed the trial court's ruling. *See* Dkt. 47-1 at 364.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                    Date: January 8, 2019
                                                                            Page 4

Plaintiffs further allege that, both during and subsequent to the State Action, defective assignments and transfers of the Promissory Note and Deed of Trust continued to occur. *See generally* SAC. Plaintiffs also assert that they were not provided notice of the transfer of ownership of their loan, nor were they informed via a recorded assignment of the Promissory Note and Deed of Trust. *See id.* ¶¶ 67–68, 71–73, 84, 86, 98, 132. For brevity, Plaintiffs assert in the SAC the following irregular and defective assignments:

- From unknown to non-party Invesco IV, sometime in April 2013 (FAC ¶¶ 67–68; *see id.* Ex. L);

- From unknown to Altisource on October 23, 2014 (*Id.* ¶ 71);

- From Altisource to ARLP on November 24, 2014 (*Id.* ¶ 73);

- From Defendant Resi to Defendant Wilmington Trust as trustee for ARLP on June 19, 2015 (*Id.* ¶ 84; *see id.* Ex. Z);

- From MTGLQ to Defendant Wilmington Trust as trustee for ARLP on June 25, 2015 (*Id.* ¶ 86; *see id.* Ex. AA);

- From unknown to LSF9 on June 3, 2016 (*Id.* ¶ 98; *see id.* Ex. HH); and

- From Defendant Wilmington Trust as trustee for ALRP to Defendant U.S. Bank as trustee for LSF9 on January 25, 2017 (*Id.* ¶ 132; *see id.* Ex. EEE).

Plaintiffs also assert that Defendants Caliber and Ocwen improperly serviced the loan during this period. *See generally* SAC. Specifically, Plaintiffs note that Defendant Ocwen began servicing the loan sometime in 2013 until May 19, 2016, when the current servicer, Defendant Caliber, took over. *Id.* ¶¶ 67, 93, 96. Plaintiffs contend that Caliber and Ocwen sent monthly mortgage statements to Plaintiffs that misstated the amount and legal status of the debt owed. *Id.* ¶¶ 182, 187, 287, 289. Plaintiffs also allege that they received untimely, insufficient, or non-responses to multiple Qualified Written Requests ("QWR") that Plaintiffs sent to both Ocwen and Caliber regarding the validity of the above referenced assignments and their ability to collect on the loan. *Id.* ¶¶ 75–76, 79, 89, 99, 102, 104, 114, 126, 130.

Plaintiffs maintain that while Defendant Ocwen was servicing the loan it recorded a notice of default on behalf of Defendant Wilmington Trust as trustee for ARLP on August 27, 2015. *Id.* ¶ 88; *see also id.* Ex. BB. However, this particular notice of default was rescinded shortly thereafter on November 16, 2015. *Id.* ¶ 91; *see also id.* Ex. DD. The most recent notice of default was recorded by Defendant Caliber on February 9,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                      Date: January 8, 2019
                                                                      Page 5

2017, on behalf of LSF9 (the "Notice of Default"). *Id*. ¶ 133; *see also id*. Ex. FFF. Again, however, this Notice of Default was rescinded on September 20, 2017, after the instant action was filed. *See id*. ¶ 142.

### C.     Procedural History

On May 24, 2017, Plaintiffs filed their initial class action Complaint in this matter (Dkt. 1). On June 30, 2017, Plaintiffs filed their First Amended Complaint ("FAC") (Dkt. 16), bringing eighteen claims:

> (1) violation of the California Homeowner Bill of Rights ("HBOR"), under Cal. Civ. Code § 2920 *et seq.*, against Defendants Caliber, Ocwen, U.S. Bank, LSF9, and Zieve;
> (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), under Cal. Civ. Code § 1788 *et seq.*, against Defendants Caliber, U.S. Bank, and LSF9;
> (3) violation of the RFDCPA, against Defendants Ocwen, Resi, Altisource, Wilmington Trust, and ARLP;
> (4) violation of the Real Estate Settlement Practices Act ("RESPA"), under 12 U.S.C. § 2605, against Defendant Ocwen;
> (5) violation of RESPA, against Defendant Caliber;
> (6) violation of the Truth In Lending Act ("TILA"), under 15 U.S.C. § 1641, against Defendants Resi, Altisource, ARLP, and LSF9;
> (7) breach of contract, against Defendants Caliber, Ocwen, and LSF9;
> (8) violation of California's Unfair Competition Law ("UCL"), under Cal. Bus. & Prof. Code § 17200 *et seq.*, against Defendants Caliber, U.S. Bank, and LSF9;
> (9) violation of the UCL, against Defendants Ocwen, Wilmington Trust, and ARLP;
> (10) violation of the HBOR, against Defendants Caliber, U.S. Bank, LSF9, and Zieve;
> (11) violation of the RFDCPA against Defendants Ocwen, Resi, Altisource, Wilmington Trust, and ARLP;
> (12) slander of title, against Defendants Ocwen, Wilmington Trust, and ARLP;
> (13) slander of title, against Defendants Caliber, U.S. Bank, LSF9, and Zieve;
> (14) negligence, against Defendants Caliber, U.S. Bank, LSF9, and Zieve;
> (15) quiet title, against all Defendants and all persons unknown;
> (16) set aside and rescind the Notice of Default and Notice of Trustee's Sale, against Defendants Caliber, U.S. Bank, LSF9, and Zieve;
> (17) fraudulent concealment, against Defendant Ocwen; and
> (18) declaratory relief, against Defendants Caliber, U.S. Bank, and LSF9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                    Date: January 8, 2019
                                                                              Page 6

FAC at 51–105. On October 2, 2017, Defendants filed motions to dismiss and a motion to strike (Dkt. 38, 39, 40, 41, 43, 45, 46). On April 30, 2018, the Court granted in part and denied in part the motions to dismiss and denied the motion to strike ("First MTD Order") (Dkt. 82). Specifically, the Court granted *with prejudice* Defendants' collective motions to dismiss Plaintiffs': California Homeowner Bill of Rights claim, Truth In Lending Act claim as asserted by Ms. Ruegsegger, slander of title claim, quiet title claim, claim to set aside and rescind notice of default and notice of trustee's sale, and claim for declaratory relief. *Id*. The Court granted *with leave to amend* Defendants' collective motions to dismiss Plaintiffs': Rosenthal Fair Debt Collection Practices Act claims, Real Estate Settlement Practices Act claims, Truth In Lending Act claim as asserted by Mr. Ruegsegger, California Unfair Competition Law claim, negligence claim, and claim for fraudulent concealment. *Id*. On May 14, 2018, Plaintiffs filed a Second Amended Complaint ("SAC"), which asserts eleven claims for relief:

> (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), under Cal. Civ. Code § 1788 *et seq.*, against Defendants Caliber and U.S. Bank;
> (2) violation of the RFDCPA, against Defendants Ocwen and Wilmington Trust;
> (3) violation of the Real Estate Settlement Practices Act ("RESPA"), under 12 U.S.C. § 2605, against Defendant Ocwen;
> (4) violation of RESPA, against Defendant Caliber;
> (5) violation of the Truth In Lending Act ("TILA"), under 15 U.S.C. § 1641, against Defendant Resi;
> (6) breach of contract, against Defendants Caliber and Ocwen;
> (7) violation of California's Unfair Competition Law ("UCL"), under Cal. Bus. & Prof. Code § 17200 *et seq.*, against Defendants Caliber and U.S. Bank;
> (8) violation of the UCL, against Defendants Ocwen and Wilmington Trust;
> (9) violation of the RFDCPA, against Defendants Ocwen, Resi, and Wilmington Trust;
> (10) negligence, against Defendants Caliber, U.S. Bank, and Zieve; and
> (11) fraudulent concealment, against Defendant Ocwen.

SAC at 49–91. Based on the above claims, Plaintiffs request the following relief: (1) compensatory damages; (2) exemplary damages; (3) civil penalties; (4) costs of suit; (5) attorney's fees; and (6) such other relief as the Court deems proper. *See id*. at 91–92.

Plaintiffs also seek to represent three classes consisting of:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                              Date: January 8, 2019
                                                             Page 7

(1)  All California residents whose loans were serviced by Caliber and whose home was either foreclosed upon or are presently awaiting foreclosure ("Caliber Class").

(2)  All California residents whose loans were serviced by Ocwen and whose home was either foreclosed upon or are presently awaiting foreclosure ("Ocwen Class").

(3)  All California residents whose loans were acquired by Caliber from Ocwen and whose home was either foreclosed upon or are presently awaiting foreclosure ("Sub-Class").

*Id.* ¶¶ 143–144. Class claims assert violations of the RFDCPA, RESPA, TILA, and the UCL, as well as breach of contract. *See generally* SAC.

On July 13, 2018, Defendants filed their respective motions to dismiss the SAC and a motion to strike (Dkt. 98, 99, 100, 103, 104). Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). *See generally id*. Plaintiffs opposed these motions on August 17, 2018 (Dkt. 107, 108, 109). Defendants replied on September 21, 2018 (Dkt. 110, 111, 112, 113).

**II.     Legal Standards**

**A.     Motion to Dismiss**

**1.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                          Date: January 8, 2019
                                                                          Page 8

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a court grants a motion to dismiss, that court must decide whether to grant a plaintiff leave to amend the complaint. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### 2.    Rule 9(b)

An allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                      Date: January 8, 2019
                                                                      Page 9

that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of
fraud relate to matters particularly within the opposing party's knowledge, such that a
plaintiff cannot be expected to have personal knowledge).

> **B.      Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a
pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and "will usually be
denied unless the allegations have no possible relation to the controversy and may cause
prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d
985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted); *RDF Media
Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are
generally disfavored because of the limited importance of pleadings in federal practice
and because it is usually used as a delaying tactic."). The Ninth Circuit has defined
"immaterial" matter as "that which has no essential or important relationship to the claim
for relief or the defenses being pleaded" and "impertinent matter" as "statements that do
not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984
F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted),
*overruled on other grounds*, 510 U.S. 517 (1994).

Motions to strike class allegations are generally disfavored, particularly where the
arguments against the class claims would benefit from discovery or would otherwise be
more appropriate in a motion for class certification. *Holt v. Globalinx Pet, LLC*, No.
SACV13–0041 DOC JPRX, 2013 WL 3947169, at *3 (C.D. Cal. July 30, 2013); *Thorpe
v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). In fact, class
allegations in a complaint are typically tested on a motion for class certification, not at
the pleading stage. *Collins v. Gamestop Corp.*, 2010 WL 3077671, at *2 (N.D. Cal. Aug.
6, 2010). However, "[s]ometimes the issues are plain enough from the pleadings to
determine whether the interests of the absent parties are fairly encompassed within the
named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus,
courts in this Circuit have struck class allegations where it is clear from the pleadings that
a class could not be certified. *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990
(N.D. Cal. 2009).

**III.     Request for Judicial Notice**

Defendant Zieve asks the Court to take judicial notice of seven documents in
support of its respective Motion to Dismiss ("Zieve RJN") (Dkt. 105). Defendant Zieve
asks for judicial notice of various court records (*e.g.*, register of actions, complaints,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                               Date: January 8, 2019
                                                                        Page 10

moving papers, minute orders, notice of entry of judgment, and court orders). Plaintiffs do not oppose Defendant Zieve's request.

A court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). As stated earlier, courts may "properly consider exhibits attached to the complaint and documents whose contents are alleged in the complaint but not attached, if their authenticity is not questioned." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348 (C.D. Cal. 2014) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). Under Federal Rule of Evidence 201, a court may also take judicial notice of matters of public record. *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts"). The Court does not, however, take judicial notice of reasonably disputed facts contained within the judicially-noticed documents. *See Lee*, 250 F.3d at 689-90.

The Court GRANTS Defendant Zieve's Request for Judicial Notice, and takes judicial notice of the following:

- Complaint, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. 30-2011-00442197 (Super. Ct. Orange County) (Jan. 20, 2011) (*see* Dkt. 47-1 at 125);

- Fourth Amended Complaint, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. 30-2011-00442197 (Super. Ct. Orange County) (Nov. 3, 2014) (*see* Dkt. 47-1 at 226);

- Minute Order, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. 30-2011-00442197 (Super. Ct. Orange County) (Feb. 13, 2015) (*see* Dkt. 47-1 at 360);

- Notice of Entry of Judgment, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. 30-2011-00442197 (Super. Ct. Orange County) (April 28, 2015) (*see* Dkt. 47-1 at 362);

- California Court of Appeal Opinion, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. G052454 (Cal. App. Ct., Fourth Division) (Feb. 16, 2017) (*see* Dkt. 47-1 at 364);

- Register of Actions, *Ruegsegger v. CitiMortgage, Inc., et al.*, No. 30-2011-00442197 (Super. Ct. Orange County) (*see* Dkt. 47-1 at 71);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                   Date: January 8, 2019
                                                                                              Page 11

- Motion for Summary Judgment, *Ruegsegger v. CitiMortgage, Inc., et al.*,
  No. 30-2011-0042197 (Super. Ct. Orange County) (May 5, 2014) (*see* Dkt.
  47-1 at 333).[1]

Zieve RJN.

## IV.    Discussion

Defendants move to dismiss all of Plaintiffs' remaining claims, including claims
based on RFDCPA, RESPA, TILA, UCL, as well as Plaintiffs' breach of contract claim,
negligence claim, and fraudulent concealment claim (Dkt. 98, 101, 103, 104). Defendants
also move to strike Plaintiffs' class allegations (Dkt. 101 at 13–21). The Court will first
address the arguments raised in motions to dismiss, and will then turn to the motion to
strike.

### A.    Claims Arising Under the California Rosenthal Fair Debt Collection
       Procedures Act (RFDCPA)

#### 1.    Plaintiff's Claims in the FAC and SAC

In the First MTD Order, the Court found that Plaintiffs "sufficiently alleged
wrongful debt collection activities by Defendant Caliber within the permissible
limitations period." *Id.* at 34 (citing SAC Exs. HH (Caliber collection letter dated June 3,
2016) and XX (Caliber letter dated October 20, 2016)).[2] However, the Court found the
FAC failed to set forth facts demonstrating that Defendant Ocwen engaged in any
conduct violative of the RFDCPA within the relevant statutory limitations period. First
MTD Order at 35. The Court further found that Plaintiffs "failed to set forth any facts
demonstrating improper debt collection efforts made by Defendants U.S. Bank, Resi, or
Wilmington Trust . . . [or] any facts indicating an agency relationship" between these
entities and Defendants Caliber or Ocwen to establish liability. *Id.* at 33.

Plaintiffs set forth three RFDCPA causes of action in the SAC, under claims one,
two, and nine. *See* SAC at 49–58, 76–79. Plaintiffs allege that Defendants Ocwen,
Caliber, U.S. Bank, Resi, and Wilmington Trust violated the RFDCPA by engaging in
improper debt collection activities, such as "misstating the character, amount, or legal
status of the debt they collected or sought to collect from Plaintiffs[.]" *Id.* ¶¶ 165–166,
181, 289. Defendants argue that Plaintiffs allege no new facts in their SAC indicating an

---

[1] The Court previously took judicial notice of the above described documents in the First MTD Order. *See* First
MTD Order at 12–13.
[2] Consistent with the Court's Order, Caliber states in its motion to dismiss that it "does not dispute this Court's
decision to permit the RFDCPA claim against Caliber to proceed past the pleading stage." Dkt. 101 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                              Date: January 8, 2019
                                                                      Page 12

agency relationship between the parties or any facts demonstrating improper debt collection efforts within the applicable limitations period by Defendants Ocwen, Wilmington Trust, U.S. Bank, or Resi. *See*, *e.g.*, Dkt. 98 at 8; Dkt. 101 at 8–9; 103-1 at 6–9.

## 2.    The RFDCPA and the Instant Action

Under the RFDCPA, a "debtor" is "a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person." Cal. Civ. Code § 1788.2(h). A "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." *Id*. § 1788.2(c). "Debt collection," in turn, is defined as "any act or practice in connection with the collection of consumer debts." *Id*. § 1788.2(b). "Debt" is defined as "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." *Id*. § 1788.2(d). And, "consumer debt" is defined as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id*. § 1788.2(f). A "consumer credit transaction" is "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." *Id*. § 1788.2(e). Although some courts have held that the mere allegation that a defendant foreclosed on a deed of trust does not implicate the RFDCPA, *see Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (collecting cases), where the claim arises out of debt collection activities beyond the scope of the ordinary foreclosure process, a remedy may be available under the RFDCPA. *Id*.

The RFDCPA has a statute of limitations of one year, which runs "from the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f). Plaintiffs filed the instant action on May 24, 2017 (Dkt. 1). Defendants thus argue that any RFDCPA claims would be barred insofar as they accrued prior to May 24, 2016 (Dkt. 98 at 8; Dkt. 103-1 at 6; Dkt. 110 at 2).

## 3.    Findings as to RFDCPA Claims in the SAC

As to Defendant Resi, Plaintiffs again fail to set forth any facts demonstrating that Resi improperly attempted to collect on any debt during the limitations period. The SAC indicates that the mortgage loan was assigned to Resi in November 2010 (SAC ¶ 59), and that Resi then assigned the loan to Defendant Wilmington Trust in June 2015 (*see id*. ¶ 84). The SAC is devoid of any facts stating that Defendant Resi attempted to collect on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                  Date: January 8, 2019
                                                                              Page 13

the debt *after* the loan was assigned. Thus, Plaintiffs fail to allege that Defendant Resi violated the RFDCPA during the applicable limitations period. Accordingly, Plaintiffs' RFDCPA claim against Defendant Resi is dismissed with prejudice.

As to Defendant Ocwen, the Court finds Plaintiffs again fail to set forth any facts demonstrating that Ocwen improperly attempted to collect on any debt during the limitations period. The SAC indicates that "[o]n April 29, 2016, Ocwen advised Plaintiffs that the servicing of the mortgage loan was being transferred from Ocwen to Caliber, effective May 19, 2016." SAC ¶ 93; *see also* Ex. EE ("Notice of Servicing Transfer"). The SAC also alleges that, thereafter, on May 24, 2016, Ocwen provided Plaintiffs with a Final Escrow Disclosure Statement. *Id*. ¶ 94; *see also* Ex. FF. According to Plaintiffs, this disclosure statement "reflects several allegedly 'scheduled payments' that were due or becoming due and which, according to Ocwen, Plaintiffs must pay." *Id*. ¶ 95.

As stated in the Court's previous Order, although Plaintiffs make every effort to frame the May 24, 2016 Final Escrow Disclosure Statement as a "collection letter," the Court finds that the disclosure statement does not amount to debt collection activity. *See* First MTD Order at 35. The Disclosure Statement appears as an informational letter regarding the current status of Plaintiffs' mortgage account; the statement does not expressly demand payment or direct plaintiffs where they can make a payment, nor does it threaten consequences or enforcement proceedings if plaintiffs do not pay, and therefore the statement does not amount to debt collection activity. *See Walcker v. SN Commercial, LLC*, 286 F. App'x 455, 457 (9th Cir. 2008) (holding that informational letters do not violate the FDCPA so long as they do not demand payment); *see also Gburerk v. Litton Loan Serv. LP*, 614 F.3d 380, 386 n.3 (7th Cir. 2010) (a disclaimer identifying the communication as "attempt to collect a debt . . . does not automatically trigger the protections of the FDCPA.").[3] This makes sense to the Court given that Plaintiffs allege in the SAC that Defendant Ocwen had already transferred servicing of the mortgage loan to Defendant Caliber at the time the Disclosure Statement was sent. *See* SAC.[4] Therefore, after evaluating the nature of the parties' relationships at that point in time, as well as the purpose and context of the communication including the boilerplate "attempt to collect a debt" language, the Court again finds that Ocwen's May

---

[3] For further reference, see *Goodson v. Bank of America, N.A.*, 600 F. App'x 422, 432 (6th Cir. Jan. 25, 2015) ("[T]he standard disclaimer language—which stated that BANA was '*a debt collector attempting to collect a debt*'—did not, by itself, transform the informational letter into debt collection activity."); *Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. Nov. 10, 2010) ("Even so, the inclusion of the FDCPA notice is legally irrelevant.").
[4] Specifically, the SAC alleges first that, on "April 29, 2016, Ocwen advised Plaintiffs that the servicing of the loan mortgage loan was being transferred from Ocwen to Caliber, effective May 19, 2016" (SAC ¶ 93); and second, that Caliber sent a Notice of Servicing Transfer to Plaintiffs on May 31, 2016, indicating that "[y]our new servicer, Caliber, will collect your payment going forward. Caliber started accepting payment received from you on May 17, 2016" (SAC Ex. GG).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                    Date: January 8, 2019
                                                    Page 14

24, 2016 Final Escrow Disclosure Statement does not amount to debt collection activity. Accordingly, Plaintiffs' RFDCPA claim against Defendant Ocwen is dismissed with prejudice.

As to Defendants Wilmington Trust and U.S. Bank, Plaintiffs contend that they "have pled sufficient facts in the SAC to establish an agency relationship between the defendant loan servicers and their respective trustees." Dkt. 109 at 7 (detailing the following pairs: (i) Wilmington Trust as trustee and Ocwen as loan servicer, and (ii) U.S. Bank as trustee and Caliber as loan servicer). As an initial matter, because the Court has dismissed with prejudice the RFDCPA claim against Ocwen, the Court need not analyze whether an agency relationship is adequately pled in regards to Defendant Wilmington Trust. Moreover, the Court finds that the SAC fails to allege any improper debt collection efforts on behalf of Wilmington Trust (*see generally* SAC), separate and apart from any alleged liability stemming from an agency relationship with Ocwen. The RFDCPA claim against Defendant Wilmington Trust is thus dismissed with prejudice.

As to U.S. Bank, Plaintiffs contend the SAC's allegations that Caliber acted as an agent for U.S. Bank are sufficient to plead an agency relationship. Dkt 109 (citing SAC ¶ 157). Defendants argue that Plaintiffs allegations are bare legal conclusions. Dkt. 110 at 6.

The Court finds the SAC's conclusory statement that Caliber acted as an agent for U.S. Bank is inadequate to plead an agency relationship, and thus Plaintiffs have failed to state a claim under RFDCPA as to U.S. Bank. Although Plaintiffs allege that U.S. Bank "engaged Caliber to service the loan at their request . . . and under their instruction and direction" (SAC ¶ 157), this allegation falls short of demonstrating an agency relationship. A claim premised on agency must allege that (1) the agent holds power to alter legal relations between the principal and a third person and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to him. *Buchanan v. Neighbors Van Lines*, 2010 WL 4916644, at *3 (C.D. Cal. Nov. 29, 2010) (dismissing claim where plaintiff failed to plead elements of agency relationship); *see also Dougherty v. Bank of America, N.A.*, 177 F. Supp. 3d 1230, 1254 (E.D. Cal. 2016) ("Plaintiffs do not allege that Wells hired SPS, that Wells had any control over the daily activity of SPS, or that SPS had the authority to alter the legal relations between Wells and Plaintiffs."). Here, the SAC does not contain sufficient factual allegations to support an agency relationship between Caliber and U.S. Bank, and Plaintiffs' conclusory assertion that an agency relationship existed is insufficient. Accordingly, the RFDCPA claim against Defendant U.S. Bank is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                    Date: January 8, 2019
                                                                            Page 15

        In summary, Plaintiffs' RFDCPA causes of action (claims one, two, and nine) as
asserted against Defendants Ocwen, Resi, U.S. Bank, and Wilmington Trust are
DISMISSED WITH PREJUDICE.

        **B.      Claims Arising Under the Real Estate Settlement Practices Act**

        Plaintiffs set forth two RESPA causes of action in their SAC. *See* SAC at 58–61
(claims three and four). Plaintiffs allege that Defendants Ocwen and Caliber violated
RESPA by improperly responding, or not responding at all, to several of their QWRs. *See*
SAC ¶¶ 75–76, 79, 89, 99, 102, 104, 114, 126, 130; *see also id*. SAC Exs. Q, JJ.[5] The
Court previously found Plaintiffs' RESPA claims failed because Plaintiffs did not allege
facts sufficient to support their actual damages and statutory damages. First MTD Order
at 37–39. As to the SAC, Defendants Ocwen and Caliber argue that Plaintiffs "still have
not plausibly alleged either actual damages or the 'pattern or practice' of RESPA
violations required to obtain statutory damages." Dkt. 101 at 9; Dkt. 103-1 at 9–12.

        Under Section 2605(f), a plaintiff must plead either actual damages as a result of
the RESPA violation or "a pattern or practice of noncompliance" with RESPA
requirements. *See* 12 U.S.C. § 2605(f). Plaintiffs do not allege a pattern or practice of
noncompliance with regard to the handling of QWRs by either Ocwen or Caliber.[6] Thus,
the Court is tasked here with determining whether Plaintiffs have sufficiently alleged
actual damages.

        As to actual damages under RESPA, "[a] number of courts have read the statute as
requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Fin.
Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); *Ghuman v. Wells Fargo
Bank, N.A.*, 989 F. Supp. 2d 994, 1006 (E.D. Cal. 2013) (a "RESPA claim's failure to
allege a pecuniary loss resulting from a failure to respond is fatal to the claim"). Courts
have liberally interpreted the requirement to plead actual damages. *See Yulaeva v.
Greenpoint Mortg. Funding, Inc.*, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 9, 2009)
(allegation that plaintiff was required to pay a referral fee adequately alleged pecuniary
loss). Costs incurred by a debtor in mailing QWRs to a loan servicer are "actual
damages" as a result of the servicer's failure to comply with RESPA. *Marais v. Chase*

---

[5] Plaintiffs incorporate by reference into their SAC the QWRs they allegedly sent Ocwen and Caliber.
[6] The Court previously found that Plaintiffs "failed to allege facts demonstrating anything other than a failure to
respond to a *single* QWR." First MTD Order at 39 (emphasis added). The Court came to this conclusion after
closely examining all of the exhibits attached to Plaintiffs' FAC. In their opposition to the second round motions to
dismiss, Plaintiffs point to all of the same exhibits that the Court previously considered and again argue that "[e]ach
of the QWRs was separate and distinct, and demonstrates a pattern of practice and non-compliance." Dkt. 109 at 16.
For the reasons discussed at length in the Court's prior order (*see* First MTD Order at 38–39), the Court again finds
that Plaintiffs' RESPA claim for statutory damages is insufficiently pleaded.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                    Date: January 8, 2019
                                                                        Page 16

*Home Finance, LLC*, 24 F. Supp. 3d 712, 728 (S.D. Ohio 2014). The over calculation and overpayment of interest on a loan, the costs of repairing the plaintiff's credit, the reduction of the plaintiff's credit limits, and attorney's fees and costs are likewise sufficient to allege actual damages. *Pendleton v. Wells Fargo Bank, N.A.*, 993 F. Supp. 2d 1150, 1153 (C.D. Cal. 2013).

Here, Plaintiffs allege that "as a result of the Defendant's violations of RESPA and its failure to respond . . . Plaintiffs have been forced to retain and expended money on title and loan servicing consultants to represent them as they attempted to uncover the truth[.]" SAC ¶¶ 193, 200. Plaintiffs further allege that "as a result of Defendant's wrongful behavior and concealment of information, [Plaintiffs] suffered actual injury in the form of . . . the expenditure of funds for the retention of loan servicing and title consultants to represent them in seeking the information they were legally entitled to, and insuring the accuracy of the amount of the alleged debt which Defendant sought to collect[.]" *Id.* ¶¶ 194, 201. Plaintiffs thus plead that they have incurred actual expenses as a result of Defendants' alleged violations of RESPA. Plaintiffs sufficiently allege actual damages for violations of RESPA as asserted against both Ocwen and Caliber. Accordingly, Defendants Ocwen and Caliber's motions to dismiss as to Plaintiffs' RESPA claims are DENIED.

### C.      Claim Arising Under the Truth In Lending Act

Plaintiffs' fifth cause of action alleges that Defendant Resi violated TILA, pursuant to 15 U.S.C. § 1641(g), by failing to disclose "each sale or transfer of [Plaintiffs'] mortgage loan." SAC ¶ 207. Specifically, Plaintiffs allege that "[o]n November 12, 2010 MTGLQ recorded an assignment of the [Deed of Trust] to Resi . . . [and on] Plaintiffs' information and belief, notice of the purported transfer of ownership was never provided to them by Resi, in violation of" TILA. FAC ¶ 59; *see also* SAC Ex. H (recorded assignment). Thus, according to Plaintiffs, Defendant Resi failed to provide Plaintiffs with written notice of this assignment by December 12, 2010—thirty days after the alleged assignment. *See id.* Plaintiffs further assert that "[n]otwithstanding this document, it was not until November 2016 that Plaintiff learned of an alleged allonge to the Note executed by MTGLQ through which the Note was purportedly transferred to Resi." *Id*; *see also* SAC Ex. ZZ.

Defendant Resi moves to dismiss this claim, arguing that the claim is untimely and that it must be dismissed "because it alleges no injury caused by Resi[.]" Dkt. 98 at 4-6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                    Date: January 8, 2019
                                                                    Page 17

### 1.      Statute of Limitations

Any action for damages based on a violation of TILA must be filed "within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e); *see also King v. State of California*, 784 F.2d 910, 914 (9th Cir. 1986) (limitations period generally runs from the date of consummation of the transaction). Thus, as the TILA violation allegedly occurred in December 2010 but the instant action was filed in November 2017, Plaintiffs exceeded the one-year statute of limitations and must therefore rely on equitable tolling to maintain their claim. *See* First MTD Order at 39 (noting that the violation occurred December 12, 2010, but that the action was filed on November 24, 2017).

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Ninth Circuit has cautioned against resolving equitable tolling issues on a 12(b)(6) motion unless "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206–07 (9th Cir. 1995).

Defendant Resi argues equitable tolling cannot apply because Plaintiffs "were on constructive notice of the assignment" of the Deed of Trust, therefore "precluding an extension of the statutory limitation period." Dkt. 98 at 7. The Court's previous Order did not apply equitable tolling, finding that "[o]nce the Deed of Trust was recorded, Plaintiffs had constructive notice thereof." First MTD Order at 41 (citing Cal. Civ. Code § 2934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons . . .")).

However, Plaintiffs' SAC amended their TILA claim to assert liability based on the underlying promissory note. Plaintiffs assert that:

> The assignment document says nothing about transfer of the
> Promissory Note. Assignments such as the one at issue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                Date: January 8, 2019
                                                                          Page 18

> say only the deed of trust is being assigned and which are not
> sent to the borrower cannot be found to place a borrower on
> notice of a transfer of the Promissory note, which is done
> through an entirely separate process, in this instance the
> allonge which was only provided to Plaintiff in November
> 2016.

SAC ¶ 212. Thus, equitable tolling may apply. The assignment of the Deed of Trust on November 12, 2010 says nothing about when the corresponding Promissory Note was assigned, and therefore the recorded assignment of the Deed of Trust could not support a reasonable inference that the Promissory Note was also assigned to Resi on November 12, 2010. Moreover, a plain reading of Section 1641(g) reflects that the disclosure obligation is triggered when ownership of the "mortgage loan" or "debt" (*i.e.*, the promissory note) is transferred. *See* 15 U.S.C. § 1641(g); *see also* First MTD Order at 41—42. The Court concludes that because Plaintiffs made repeated efforts via QWRs which were allegedly met with non-responses (*see* SAC ¶¶ 75—76, 79, 89, 99, 102, 104, 114, 126, 130), it is plausible that Plaintiffs could not have known of the alleged TILA violation until they received a partial payment history from Caliber on November 1, 2016, which allegedly revealed the ownership transfers including the undated note allonge representing transfer of the promissory note. *See* SAC Ex. ZZ. Equitable tolling may thus render the TILA claim timely, specifically to the extent that it is based on the alleged assignment of the underlying Promissory Note.

### 2.    Injury

Defendant Resi contends that "Plaintiff Robert pleads no plausible facts as to how he suffered any concrete, particularized injury or any material risk of harm by supposedly not receiving notification that his mortgage loan had been sold or transferred to a new lender[.]" Dkt. 98 at 4 (pointing out that Plaintiffs' damages paragraph is incomplete). Resi further asserts that "the Ninth Circuit Court of Appeals has held that merely alleging a violation of TILA's notice requirement, without alleging facts demonstrating concrete harm to the plaintiff, is insufficient to recover under the TILA." *Id.* at 5 (citing *McQuinn v. Bank of America, N.A.*, 656 F. App'x 848, 849 (9th Cir. 2016)). In response, Plaintiffs contend that "the harm caused by Resi's TILA violations is the same as that incurred by Ocwen and Caliber's violations of RESPA." Dkt. 109 (citing SAC ¶¶ 194, 201).

The Court agrees with Defendant Resi. Plaintiffs may not use allegations asserted against different defendants (here, Caliber and Ocwen) on an entirely different claim (RESPA) to establish that Defendant Resi caused an injury recoverable under TILA. Moreover, Plaintiffs admit that they repeat the same "unintentional drafting error in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                     Date: January 8, 2019
                                                                     Page 19

SAC" as they did in the FAC. Dkt. 109 at 18; *compare* SAC ¶ 213 ("As a direct result of
Resi and Doe Defendants' illegal conduct, Plaintiff and Class members were injured and
damaged in that they were [?]") *with* FAC ¶ 224 ("As a direct result of Resi, Altisource,
ARLP, LSF9, and Doe Defendants' illegal conduct, Plaintiff and Class Members were
injured an damaged in that they were [?]"). Without a concrete injury resulting from
Defendant Resi's alleged TILA violation, Plaintiff Robert Ruegsegger cannot establish
standing to bring his claim. Accordingly, Plaintiffs' fifth cause of action for damages
under TILA against Defendant Resi is DISMISSED WITH PREJUDICE.

   **D.     Claims Under California's Unfair Competition Law**

      In their seventh and eighth causes of action, Plaintiffs assert that Defendants
Caliber, U.S. Bank, Ocwen, and Wilmington Trust are liable under the UCL, pursuant to
§ 17200. *See* FAC at 66–75.[7] In the Court's prior Order, the Court found that "Plaintiffs
fail to allege any facts in their FAC demonstrating a causal connection between
Defendant[s'] actions and their injury, and as a result Plaintiffs' UCL claim is
insufficiently pleaded." First MTD Order at 43-44. Defendants argue that the SAC "does
nothing to cure that defect—alleging only legal fees incurred as a result of Plaintiffs' own
default, not any conduct by Defendants." Dkt. 113 at 9; *see also* Dkt. 101 at 13 ("[T]hose
fees were the result of plaintiffs' choice to default to the loan, not any alleged violations
of the UCL by defendants."); *see also* Dkt. 103-1 at 15 (Plaintiffs' UCL claim fails
because "they have not plausibly alleged that they have lost money or property as a result
of the unfair competition."). The Court agrees.

      "To have standing to assert a Section 17200 claim, the plaintiff must '(1) establish
a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*,
*economic injury*, and (2) show that that economic injury was the result of, *i.e.*, *caused by*,
the unfair business practices . . . that is the gravamen of the claim.'" *In re Turner*, 859
F.3d 1145, 1151 (9th Cir. 2017) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310,
320 (Cal. 2011)) (emphasis in original). "A plaintiff fails to satisfy this causation

---

[7] In this section the Court will only address the arguments advanced by Defendants Caliber and Ocwen because the
predicate statutory violations asserted against Defendants U.S. Bank and Wilmington Trust have either been
dismissed with prejudice by the Court or Plaintiffs did not actually assert such a predicate violation against these
Defendants. To illustrate, U.S. Bank and Wilmington Trust are not named defendants under Plaintiffs' RESPA and
TILA causes of action, and the RFDCPA claims asserted against both U.S. Bank and Wilmington Trust have been
dismissed with prejudice. Accordingly, the Court dismisses with prejudice Plaintiffs' UCL claims asserted against
Defendants Wilmington Trust and U.S. Bank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                      Date: January 8, 2019
                                                                                     Page 20

requirement if he or she would have suffered the same harm whether or not a defendant complied with the law." *Id*. (internal quotation marks and citation omitted) (concluding that borrowers who were in default lacked standing to bring a UCL claim).

Here, Plaintiffs assert in their SAC that "Plaintiffs have suffered injury in fact and suffered monetary loss as a direct result of Defendants' conduct described herein. Specifically, Plaintiffs have incurred and will continue to incur legal fees and costs in order to prevent the wrongful loss of their property. SAC ¶¶ 253, 277; *see also* FAC ¶¶ 265, 291 (identical allegations).

As indicated in the Court's prior Order, this alleged economic injury (*i.e.*, "legal fees and costs in order to prevent the wrongful loss of their property") is sufficient to satisfy the first prong. *See* First MTD Order at 43. However, Plaintiffs still fail to show how this injury was caused by Defendants Ocwen and Caliber's unfair business practices (*i.e.*, wrongful debt collection activities or failure to respond to QWRs). Plaintiffs' home would have been subject to nonjudicial foreclosure regardless of the alleged deficiencies in the chain of title, the wrongful debt collection activities of Caliber, or the non-responses to QWRs by Ocwen and Caliber. The Court, again, comes to this conclusion because Plaintiffs do not dispute that they stopped making mortgage payments in April 2010, which then caused the loan to go into default. SAC ¶ 43; *see Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 521 (Cal. Ct. App. May 17, 2013) ("As Jenkins's home was subject to nonjudicial foreclosure because of Jenkins's default on her home, which occurred before Defendants' alleged wrongful acts, Jenkins cannot assert the impending foreclosure of her home (*i.e.*, her alleged economic injury) was caused by Defendants' wrongful actions."), *disapproved of on other grounds by*, *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 943 (Cal. 2016); *see also Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1118 (E.D. Cal. 2015) (holding that when a default predates any alleged unlawful act it alone must be the cause of any subsequent economic harm).

Accordingly, Plaintiffs have failed to adequately plead causation, and Plaintiffs' UCL claims are therefore DISMISSED WITH PREJUDICE for lack of statutory standing.

### E.      Breach of Contract Claim

In the SAC, Plaintiffs seventh cause of action against Defendant Caliber is for breach of contract. *See* SAC at 63–65. Plaintiffs allege that Defendant Caliber breached Paragraph 22 of the Deed of Trust. *Id*. ¶ 224; *see also id*. Ex. B at 14. Paragraph 22 requires the lender under the Deed of Trust to give notice to the borrower prior to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                    Date: January 8, 2019
                                                                             Page 21

accelerating repayment of the debt in the event of the borrower's breach. *Id*. ¶ 221; *see also id*. Ex. B at 14. The notice is required to inform the borrower of: "(a) the default; (b) the act required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the] security instrument and sale of the property." *Id*. According to Plaintiffs, Defendant Caliber failed to provide this acceleration notice prior to when it recorded the Notice of Default on the property. *Id*. ¶¶ 224, 227; *see also id*. Ex. FFF.

Defendant Caliber argues that "even assuming Plaintiffs could plausibly allege a breach, they have not plausibly alleged [] any actual damages resulting from that breach[."] Dkt. 101 at 5. Caliber states that Plaintiffs "simply assert, with no factual elaboration, that 'they have been damaged as a direct results of Defendants' breaches as set forth above, and have suffered actual damages.'" *Id*. at 6 (citing SAC ¶ 229). In response, Plaintiffs contend that "Caliber totally ignores Plaintiffs' allegation that they incurred legal fees proximately resulting from Caliber's illegal attempt at foreclosure." Dkt. 109 at 17 (citing SAC ¶ 277 (damages asserted under Plaintiffs' UCL claim)).

The Court agrees with Caliber regarding Plaintiffs' failure to sufficiently plead damages and causation. As an initial matter, upon review of Paragraph 22 as well as the Notice of Default, the Court finds dubious Plaintiffs' contention that Caliber's actions breached Paragraph 22. To illustrate, Paragraph 22 only requires that the "Lender shall give notice to Borrower prior to acceleration" (as opposed to filing a notice of default that does not in fact accelerate the loan), and that the Borrower be given "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured[.]" SAC Ex. B at 14. Further, a plain reading of the Notice of Default should have revealed to Plaintiffs that it did not accelerate the loan. There is no statement in the Notice of Default indicating that Plaintiffs' loan was to be accelerated. In fact, to the contrary, it states that "you may have the legal right to bring your account in good standing by paying all of your *past* due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account[.]" SAC Ex. FFF (emphasis added).

Plaintiffs also fail to plead any damages that were proximately caused by the alleged breach of Paragraph 22. All of the notice requirements outlined in Paragraph 22 were essentially fulfilled by the provisions in the Notice of Default. For example, the Notice of Default informed Plaintiffs of the default, told them the amount of the default ("$262,798.93 as of 2/8/2017"), the action required to cure the default, and even gave them 90 days to cure (whereas Paragraph 22 only permits 30 days to cure). *See* SAC Ex. FFF. Thus, Plaintiffs cannot assert how their alleged damages flowed from the alleged

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                          Date: January 8, 2019
                                                                                             Page 22

breach of Paragraph 22 because Plaintiffs were given the information (or notice
requirements) under Paragraph 22 in the Notice of Default itself.

Thus, the allegations in the SAC do not plausibly suggest breach or that Plaintiffs
suffered damages as a result of Defendant Caliber's alleged failure to comply with
Paragraph 22. Accordingly, Plaintiffs' breach of contract claim is DISMISSED WITH
PREJUDICE.

### F.    Negligence Claim

In the tenth cause of action for negligence, Plaintiffs allege that Defendants
Caliber, U.S. Bank, and Zieve had both a common law duty and statutory duty to exercise
reasonable care in the performance of their respective duties. *See generally* SAC ¶¶ 296–
319. Plaintiffs maintain that "[a]s a direct and proximate result of the actions herein
alleged Plaintiffs have suffered and continued to suffer damage and injury in an amount
and of a degree subject to proof." *Id*. ¶ 319. Defendants Caliber, U.S. Bank, and Zieve
argue that Plaintiffs have failed to plausibly allege injury proximately caused by
Defendants' alleged breach of their respective duties. *See* Dkt. 101 at 8; Dkt. 104 at 10;
Dkt. 111 at 8–9. The Court agrees with Defendants.

To state a claim for negligence, Plaintiffs must allege that (1) Defendants had a
legal duty to use due care; (2) Defendants breached their duty; and (3) the breach was the
proximate or legal cause of Plaintiffs' resulting injury. *See Ladd v. County of San Mateo*,
12 Cal. 4th 913, 917 (Cal. 1996). Plaintiffs must plausibly allege facts supporting each
element of their negligence claim. *See Iqbal*, 556 U.S. at 679.

Here, Plaintiffs fail to demonstrate how Defendants' alleged negligent conduct
was the proximate cause of Plaintiffs' injury, nor did Plaintiffs specify the damage
allegedly resulting from the fact that the subject Notice of Default was recorded in
February 2017, and subsequently rescinded seven months later. *See* SAC ¶¶ 134, 142.
Plaintiffs' bare assertion that they "suffered and continue to suffer damage" as a "direct
and proximate result of the action herein" does not satisfy the pleading standard. *Id*. ¶
319. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead that
Defendants Caliber, U.S. Bank, and Zieve's breach was the proximate or legal cause of
the resulting injury. *Ladd*, 12 Cal. 4th at 917; *see also Barcase v. Central Mortgage Co*,
661 F. App'x 905, 907 (9th Cir. Sept. 14, 2016) (affirming dismissal of negligence claim
against bank and trustee where plaintiff "didn't plead facts showing that any of the
alleged negligent conduct was the proximate cause of their pending foreclosure").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                               Date: January 8, 2019
                                                                            Page 23

Accordingly, Plaintiffs' negligence cause of action is DISMISSED WITH
PREJUDICE.

### G.     Fraudulent Concealment Claim

In the SAC, Plaintiffs allege that Defendant "Ocwen fraudulently concealed the
fact it had manufactured and created essential chain of title documents out of whole cloth
in an attempt to close significant gaps in the ownership chain which it knew about and,
further, that as part of that process promissory notes were fraudulently endorsed and
made-up assignments were recorded." Dkt. 109 at 20; *see also* SAC ¶¶ 320—339.
Defendant Ocwen argues that Plaintiffs fail to state a claim for fraudulent concealment
because Plaintiffs "fail to plead fraudulent concealment with the requisite specificity
under Rule 9(b) or the plausibility standard of Rule 8(a)." Dkt. 103-1 at 16. Ocwen
further contends that Plaintiffs "fail to allege [justifiable reliance, and] how they were
damaged as a result of this allegedly improper conduct [(referencing Ocwen's alleged
failure to respond to Plaintiffs' QWR requests)], given the fact that they have not made
any payment on the loan since 2010 and that the property has not been foreclosed upon."
*Id*. at 17.

 "The required elements for fraudulent concealment are: (1) concealment or
suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the
plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or
suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as
he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff
sustained damage as a result of the concealment or suppression of the fact*." Graham v.
Bank of America, N.A.*, 226 Cal. App. 4th 594, 606 (Cal. Ct. App. May 23, 2014)
(citation omitted). Moreover, allegations of fraudulent concealment "must be pleaded
with specificity rather than with general and conclusory allegations." *Boschma v. Home
Loan Center, Inc.*, 198 Cal. App. 4th 230, 248 (Cal. Ct. App. Aug. 10, 2011); *see also*
Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity
the circumstances constituting fraud or mistake.").

Justifiable reliance can be proved in a fraudulent concealment case "by
establishing that had the omitted [or concealed] information been disclosed, the plaintiff
would have been aware of it and behaved differently." *Boschma*, 198 Cal. App. 4th at
251 (citation omitted); *see also Hoffman v. 162 North Wolfe LLC*, 228 Cal. App. 4th
1178, 1194 (Cal. Ct. App. July 15, 2014) ("A plaintiff establishes reliance when the
misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct
which altered his or her legal relations, and when without such misrepresentation or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                          Date: January 8, 2019
                                                                                Page 24

nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction.") (quotation marks and citation omitted).

In regards to justifiable reliance and damages, Plaintiffs assert in their SAC that:

> Had Ocwen been forthcoming and provided Plaintiffs with the documentation it was legally required to provide in response to the December 2014 QWR, Plaintiffs would have learned that there was enormous deficiencies including possible fraud in the Promissory Note chain of title, and that the true ownership of the Promissory Note was in question. This substantiation would have enabled Plaintiffs to immediately, in good faith, initiate an action back in 2015 seeking to determine that the then purported owner of their loan, ARLP, had no such legal rights and that Ocwen had engaged in fraud. Instead, Plaintiffs had to expend considerable time and financial resources, including their continued retention of an expert in mortgage loan servicing, to act as their representative in their subsequent communication with Ocwen and Caliber through 2016 and 2017 in their unsuccessful attempt to forestall Caliber from recording the now rescinded Notice of Default on behalf of yet another purported owner.

SAC ¶¶332–33.

The Court finds that the SAC adequately alleges, with specificity, that Plaintiffs reasonably relied on the allegedly incomplete information Ocwen selectively provided. SAC ¶ 334. Furthermore, Plaintiffs have adequately alleged a sufficient connection between the concealment and their alleged economic harm, that is, "time and financial resources, including their continued retention of an expert in mortgage loan servicing[.]" Id. ¶ 333. Accordingly, Defendant Ocwen's motion to dismiss as to Plaintiffs' fraudulent concealment claim is DENIED.

## H.    Class Allegations

Plaintiffs assert seven class claims, including violations of: the RFDCPA, RESPA, TILA, UCL, and breach of contract. *See* SAC at 1–2. Defendants move to strike these class allegations pursuant to Federal Rule of Civil Procedure 12(f), on the grounds that Plaintiffs' proposed three classes cannot satisfy the requirements of Rule 23, and because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                    Date: January 8, 2019
                                                   Page 25

individual issues would predominate over common issues should a class be certified. Dkt. 101 at 13–21. Plaintiffs argue that striking class allegations prior to discovery would prematurely determine the issue of class certification. *See* Dkt. 107 at 1–2.

Federal Rule of Civil Procedure 23 governs class actions, which as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). Under Rule 23(a) a party seeking class certification must demonstrate the following prerequisites: (1) the class is no "numerous" that joinder of all members individually is impracticable; (2) there are questions of law or fact "common" to the class; (3) the claims or defenses of the class representative are "typical" of the class or defenses of the class; and (4) the person representing the class is able to fairly and "adequately protect the interests of all class members. Fed R. Civ. P. 23(a); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.2d 802, 805 (9th Cir. 2010). Under Rule 23(a)(3), court assess typicality by determining whether the class representatives and the rest of the putative class have similar injuries and conduct. *Hanon*, 976 F.2d at 508.

In addition to the requirements of Rule 23(a), a plaintiff seeking class certification under 23(b)(3) must demonstrate that questions of law or fact common to class members predominate over individual questions, and that a class action is superior to other methods of adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). When certification is sought for a litigation class, the predominance inquiry under 23(b)(3) asks whether "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). Further plaintiffs must so that "'damages are capable of measurement on a classwide basis,' in the sense that the whole class suffered damages traceable to the same injurious course of conduct underlying the plaintiffs' legal theory." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 11290 (9th Cir. 2017) (citing *Comcast Corp. v. Behrend*, 569 U.S. 34 (2013)).

Class allegations may be stricken at the pleading stage. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975). Though a court should not deny discovery with regard to class allegations if the propriety of class action cannot be determined without it, where "the necessary factual issues may be resolved without discovery, it is not required." *Kamm*, 509 F.2d at 210.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-0907-DOC (KESx)                                    Date: January 8, 2019
                                                                          Page 26

Here, it is clear from the SAC that a class action cannot be maintained. Plaintiffs allege they are typical of class members because their home was subject to a Notice of Default. SAC ¶ 150. However, as evidenced by Plaintiffs' SAC, the proffered reasons for a Notice of Default are inherently individual, and the damage that homeowners allegedly experienced as a result of default would inevitably be determined based on the harms experienced individually. *See e.g.* SAC ¶¶ 9, 39. Accordingly, individual issues would overwhelm issues common to a class, and the Court finds that discovery is not needed to determine that proceeding with a class action given the instant SAC would be impracticable.

Defendants Caliber and U.S. Bank's Motion to Strike Class Allegations is thus GRANTED.

V.      **Disposition**

For the reasons explained above, the Court GRANTS IN PART and DENIES IN PART Defendants Caliber and U.S. Bank's Motion to Dismiss (Dkt. 99), GRANTS IN PART and DENIES IN PART Defendants Ocwen and Wilmington Trust's Motion to Dismiss (Dkt. 103), GRANTS Resi's Motion to Dismiss (Dkt. 98), and GRANTS Zieve's Motion to Dismiss (Dkt. 104).

The Court DISMISSES WITH PREJUDICE: (1) Plaintiffs' first claim for violation of the RFDCPA, as asserted against Defendant U.S. Bank; (2) Plaintiffs' second claim for violation of the RFDCPA, as asserted against Defendants Ocwen and Wilmington Trust; (3) Plaintiffs' fifth claim for violation of the TILA, as asserted against Defendant Resi; (4) Plaintiffs' sixth claim for breach of contract, as asserted against Defendants Caliber and Ocwen; (5) Plaintiffs' seventh claim for violation of the UCL, as asserted against Defendants Caliber and U.S. Bank; (6) Plaintiffs' eighth claim for violation of the UCL, as asserted against Defendants Ocwen and Wilmington Trust; and (7) Plaintiffs' ninth claim for violation of the RFDCPA, as asserted against Defendants Ocwen, Resi, and Wilmington Trust; and (10) Plaintiffs' tenth claim for negligence, as asserted against Defendants Caliber, U.S. Bank, and Zieve.

The Court GRANTS Defendants Caliber and U.S. Bank's Motion to Strike Class Allegations (Dkt. 100) and the class allegations are hereto STRICKEN from Plaintiffs' Second Amended Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0907-DOC (KESx)                                    Date: January 8, 2019
                                                                        Page 27

     Defendants Ocwen and Caliber's Motion to Dismiss as to claims 3 and 4 for violations of RESPA is DENIED. Defendant Ocwen's Motion to Dismiss as to claim 11 for fraudulent concealment is DENIED.

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: djl